Nott, J.
The court concur with the Recorder in the general view which he has taken ot this case. But a question has arisen in the course of the argument which was not made in the court below, on which it has become necessary to express an opinion and which will lead to a different result. This appears to be a joint contract for the equal benefit of both the defendants. But it can not be for their joint benefit, because the articles are of such a nature as to enure to the separate use of each. The effect of the decree will be to make each liable for the whole. The articles intended for the elder sister, could not be necessary for the younger, who was under age. As it regards her, therefore, the contract was voidable under the plea. Indeed it is laid down that if a contract is made by an infant and an adult, they cannot both be sued thereon, but the action should be brought against the adult only, as being the sole contracting party in point of law. [1st Com. on Con. 152,166. 3 Espinasse Rep. 76. 4 Taunton 468. 5 Espinasse 47. 5 Johnson Rep. 160. 1 Wills. 90.1 Saund. 207.)
There is another difficulty in this case which in all probability, it will not be easy to surmount. The defendants were living with their mother at the time this contract was entered into. And it appears to be a pretty well settled principle, that an infant who lives with, and, is properly maintained by her parents, cannot bind herself to a stranger for necessaries. (1 Com. on Con. 144, 156, 7. 2 Blacks. Rep. 1325. 1 Espin. Rep. 211.) Whether the mother in this instance was able and did maintain her daughters in a manner suitable to their condition, did not appear; but it ought to be presumed until the contrary be proved, for *9 although the mother is not considered, as the nátural guar» dian of her children to the.same extent as the father, yet she has an interest in their welfare which renders her the fittest judge of those things, and particularly in the articles of clothing, which are necessary for their convenience and comfort. It would have a most unfortunate tendency to permit daughters during their minority, to indulge those extravagant notions, which top many at that age entertain, of what is necessary for them, unaided by'.the salutary advice and control of their mothers. ' The plaintiff might have inquired into their circumstances and consulted the mother before he suffered the debt to be contracted. Evidence may, perhaps, be offered on another trial to make the case an exception to the general rule; but a new trial must now be granted.
Bailey, Ford and BeSauisure, for the motion,
Burikin, contra.